The People *v.* Young Men's Father Matthew Benevolent Society.

the will, conduct and interests of another, contracts then made will be set aside, even upon slight evidence of the improper exercise of such influence. (*Sears* v. *Shafer*, 6 *N. Y.* 268. *Casborne* v. *Barnsham*, 2 *Beav.* 75. *Dent* v. *Bennet*, 7 *Simons*, 539. *Wood* v. *Downes*, 18 *Vesey*, 120. *Huguenin* v. *Baseley*, 14 *id.* 273. *Eadie* v. *Slimmon*, 26 *N. Y.* 9.) The defence that a note was obtained by unlawful duress, is available to the surety who united with him in the execution, (*Osborn* v. *Robbins*, 36 *N. Y.* 365;) but here, the improper influence may have been exercised on both the maker and the endorser of the note; and, misapprehending the nature of his offence, they may have relied upon the pretended power of the plaintiff, as to the alleged charge against Owen, and thus have been induced to make and endorse the note to avoid the scandal and peril of a supposed, but fictitious, accusation. This was a question that should have been submitted to the jury.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

[First Department, General Term, at New York, May 5, 1873. *Ingraham* and *Fancher*, Justices.]

———•◦•———

THE PEOPLE, *ex rel.* Matthew Corrigan, *vs.* THE YOUNG MEN'S FATHER MATTHEW BENEVOLENT SOCIETY.

The statute relative to the observance of *Sunday* does not apply to the proceedings of business meetings of societies held on that day.

The holding of business meetings of a benevolent society, or transacting its business, on Sunday, is not forbidden as illegal.

If an individual chooses to belong to a society which holds its regular meetings on Sunday, and at such a meeting he is served with a notice to attend the next meeting, it does not rest with him to make the objection.

If a case comes properly before a society, upon an application to expel a member, on charges made against him, the society is to judge of the sufficiency

of the charges.  A judge, at Special Term, cannot properly try the question as to the defence set forth in the affidavits.

A society has no right to expel a member merely because he does not appear, and without proving the charges against him.  Even though the party charged does not appear, still, proof of his offence should be required.

APPEAL from an order made by a judge at a Special Term:

. The relator was expelled from The Young Men's Father Matthew Benevolent Society, for·charges made against him, copies of which were served upon him, and a notice to appear and answer.  This notice was served, on *Sunday*, and the day fixed for the hearing was the next Sunday.  The objection was made,·at the Special Term, that the notice, being served on Sunday, was void, and that no such proceeding could be taken on that day. This was overruled and the relator appealed.

*By the Court*, INGRAHAM, P. J.  By the by-laws, a public meeting was to be held· every Sunday evening. This was to be adjourned at 9 P. M. and a business meeting held thereafter until 10 P. M.

The proceedings are claimed to be·illegal because the papers were served on Sunday, and were returnable on Sunday.

I do not think our statute applies to such proceedings. It prohibits work or servile labor, and the exposure to sale of merchandise, except certain articles. of food. Making a contract or agreement is not forbidden.

In *Merritt* v.· *Earle*, (31 *Barb.* 38, 41,) Judge Emott says : "At the common law, judicial proceedings, only, were prohibited·on Sunday.  Hence judicial proceedings on Sunday are void, at common law.  But all other business transactions are valid, except so far as prohibited by our statute."  ·

Nothing in the statute forbids meetings of a society, or transacting its business ;. and however objectionable

The People *v.* Young Men's Father Matthew Benevolent Society.

it may be to hold business meetings on that day, still it is not forbidden as illegal.

The relator chose to belong to a society which held all its regular meetings on that day, and if, at such a meeting, he was served with a notice to attend the next meeting, it does not rest with him to make the objection.

There is nothing in this objection that will justify the granting of this motion.

The motion appears to have been disposed of, below, on this point entirely. The affidavits which were excluded contained the defence of the relator. The judge could not properly try that question. If the case came properly before the society, they were to judge of the sufficiency of the charges.

It is stated in the return that the relator was removed by default. If by this is meant that he was removed because he did not appear, and without proving the charges against him, it would have been erroneous. Even if the party charged does not appear, still proof should be required, of his offence. As all the papers are not before us, we suppose the case made up solely for the decision upon the question above referred to. If no evidence was taken, before the society, and the relator can show that fact, he may renew his application, at the Special Term.

On the other grounds, the order is affirmed, without costs.

[FIRST DEPARTMENT, GENERAL TERM, at New York, May 5, 1873. *Ingraham* and *Davis,* Justices.]