## The Lansing Turnverein Society v. Lorenzo Carter.

*Contract to loan money on real estate—Action for breach—Per-
formance on part of plaintiff—Corporations—Reso-
lution passed on Sunday.*

1. To authorize a recovery for the breach of a contract to loan
   money on mortgage security, it is necessary for the plaintiff to
   show the tender to the defendant of a valid mortgage upon
   the land agreed upon, duly acknowledged, and in proper form.
2. A resolution adopted on Sunday by a society not a religious or
   charitable association, authorizing the mortgaging of the society's
   real estate, is void, and it is a question of law for the court
   whether the character of the society brings it within the excep-
   tion to the statute upon that subject.

Error to Ingham.    (Peck, J.)    Argued May 18, 1888.
Decided October 19, 1888.

*Assumpsit.*    Plaintiff brings error.    Affirmed.    The facts
are stated in the opinion.

*Frank L. Dodge,* for appellant, contended:

1. The defects claimed to exist in the mortgage are cured by How.
   Stat. § 5727.
2. This case is ruled by *Demill v. Moffat,* 45 Mich. 410.
3. Title may pass without witnesses or acknowledgement; citing
   *Dougherty v. Randall,* 3 Mich. 581; *Munroe v. Eastman,* 31 Id.
   283; *Price v. Haynes,* 37 Id. 487; *Baker v. Clark,* 52 Id. 22.
4. A deed should not be held void for uncertainty, unless all means
   to sustain it have failed; and the party is bound by the record
   it discloses; citing *Dwight v. Tyler,* 49 Mich. 614.
5. A mortgage will be construed most favorably to the mortgagee.
   Equity requires substance rather than form, and enforces the
   actual intent if lawful and just; citing *Stuart v. Worden,* 42
   Mich. 154.

*Kilbourne & Humphrey,* for defendant, contended for doctrine stated in the opinion.

SHERWOOD, C. J. The plaintiff brought this action before a justice of the peace to recover damages for an alleged breach of an oral agreement, by which it is claimed the defendant promised to loan the society the sum of $1,200, which plaintiff agreed to secure by note and mortgage.

The declaration is verbal—*First,* upon the common counts; and, *second,* for the violation of an agreement, the substance of which is that the defendant, on October 26, 1885, was engaged in loaning money, and the plaintiff on that day contracted with the defendant that it would hire of him $1,250, for the period of five years, and for the use of the same pay semi-annual interest thereon at the rate of 7 per cent., and secure the payment thereof by the note of said plaintiff, secured by a mortgage duly executed by plaintiff, upon the following described property, situated in the city of Lansing, and according to the recorded plat of said city, being the north half of lot 7, in block 66; and that the said defendant did, in consideration of the premises, agree to loan to the said plaintiff the said $1,250 for the length of time, and at the rate of interest, and to be paid as above stated; the payment of said principal upon the note and mortgage to be made by the plaintiff as above promised.

The money was to be so paid to the plaintiff by the defendant when the plaintiff should make, execute, and deliver the said note and the said mortgage, duly acknowledged and recorded in the register's office, to the defendant; and the declaration then avers the making, executing, and delivering of the said note and mortgage according to the laws of the State, and in compliance on the part

of the plaintiff with the terms of the contract, and that the defendant wholly neglected and refused to perform the same upon his part, or let the plaintiff have the money promised, to the plaintiff's damage of $300. There is also a special clause in the declaration, including damages sustained by plaintiff in being obliged to postpone building upon its lot by reason of such default of the defendant. Defendant pleaded the general issue.

Upon the trial, which occurred in the circuit, on appeal from the justice's court, the circuit judge directed the verdict for the defendant, holding that, in order to enable the plaintiff to recover, it was necessary for the society to show that it had caused to be executed by its lawfully authorized agent or attorney, and acknowledged, a mortgage upon said land, which was in proper form, and valid; that this was a condition precedent to receiving the money from the defendant, and until such performance the defendant cannot be charged; and this it is shown by uncontroverted testimony the plaintiff did not do, and therefore the verdict was directed as stated.

There is no question or dispute but that the mortgage was dated October 26, 1880, five years before it was made, and that it was never acknowledged; that it was illegally recorded on October 26, 1885, in the office of the register of deeds for the county of Ingham; and that the persons making and signing the mortgage do not appear to have been empowered so to do. This was the mortgage offered to the defendant, together with a note made by the same parties, and indorsed by several others, and which said mortgage purported to secure, and upon which the $1,250 was demanded by the plaintiff, and which the defendant declined to receive. It was no compliance with the contract under which the plaintiff claims to recover, and we think the direction complained of was properly given by the court.

It further appears beyond dispute, we think, that it was understood between the parties that John Hermann, whom the testimony shows to be a man entirely responsible, was to sign the note that was to be secured by the mortgage, but that, instead of his signature appearing upon the note, his son, Henry Hermann, a young man without any property, and under the age of 21 years, indorsed the note, and that, as soon as the defendant became aware of that fact, he notified the plaintiff that he declined to make the loan altogether.

So far as the records of the society show, if it gave any authority to execute a mortgage upon its property, it was to the building committee; that, if the resolution mentioned in the mortgage was ever adopted by the society, it was done on Sunday, and is therefore void, as the society was not a religious or charitable association, and whether its character brings it within the exception of the statute upon that subject is always a question for the court, and not for the jury.

It is true, presumably, the president and secretary of the society are authorized to make ordinary agreements on behalf of the corporation when transacting its ordinary business, but this presumption does not extend to making transfers of real estate.

The judgment must be affirmed.

The other Justices concurred.