· STREMPEL *v.* RUBING *et al.*

*(Superior Court of New York City, General Term.* January 10, 1889.)

1. SOCIETIES—REMOVAL OF OFFICERS.

The constitution of an unincorporated society provided that all charges against members must .be in writing, specifying the article violated, and signed by the ac-

cusers; that the charge thus made should be referred to the board of trustees; that the accused should have the right of challenge; that the accusers, accused, and witnesses should be summoned to attend; that the decision of the board should be reported to the lodge at the next regular meeting, and, if sustained, a penalty should be imposed, etc. A resolution removing defendant from the office of president was as follows: "As several of the officers, among others President Rubing, although requested to appear, did not make an appearance, and as there are several charges against the president, to replace the officers by other officers, and to declare them removed from office, therefore proceeded to elect officers, and elected as president Strempel; vice-president, Behnke. " Defendant was not present at that meeting, and there was no evidence that he received timely written notice to attend, or that charges against him would be then and there presented and acted upon, nor did it appear that any specific charges against him had ever been formulated. *Held*, that the resolution was unconstitutional and void.

2. SAME—EQUITABLE RELIEF.
Plaintiff, the newly-elected president, having appealed to the tribunal provided by the association to determine his right as against defendant, he cannot, pending its decision or in disregard thereof, seek relief from a court of equity.

Case submitted on agreed statement.
*Alfred Steckler* and *T. B. Wakeman*, for plaintiff. *John Delahanty*, for defendants.

O'GORMAN, J. The contention in this case is the result of a quarrel between members of an unincorporated society having more than seven members, and organized for social, charitable, and benevolent purposes. The society was known as the "United Order of Carpenters and Joiners, Lodge No. 4." This lodge No. 4 held its meetings in the city of New York and was a branch of a parent society, comprising numerous lodges, known as the "American Order of Carpenters and Joiners," and this latter society claimed and exercised a supervisory authority over its branches or lodges, including lodge No. 4, through its "district committee," and its "grand executive council." This action was begun on November 11, 1887. The plaintiff, Strempel, claims that he was then the president of this lodge No. 4, and entitled, as president, to have possession of certain savings-bank books, showing the deposit of moneys then standing to the credit of the lodge. The defendant Rubing maintains that he was then the president of the lodge, and denies that Strempel had, under the constitution, by-laws, or ritual of the lodge, any right to have or claim that office or the said bank-books. In the case of internal controversies between members of unincorporated societies, it is the policy and the rule of courts of equity to leave the contending parties to the government of the constitution and by-laws of the society, as being the voluntary agreement to which all the members have assented, and the law which they have freely enacted for themselves; and the court will refrain from considering the merits of the controversy, provided the constitution and by-laws of the society have been strictly complied with, and no principle of law has been violated, and no manifest wrong has been committed. *Loubat v. Le Roy*, 15 Abb. N. C. 3–44 *et seq.; Ebbinghousen* v. *Club*, 4 Abb. N. C. 300. Where an association has power to suppress and punish the misconduct of its own members, one complaining of such misconduct must resort to and must exhaust the remedies provided by the association itself, through its constitution and by-laws, before applying to a court of equity for relief. *La Fond* v. *Deems*, 8 Abb. N. C. 344–349. In the proper application of these rules of law to the facts in this case must be found the solution to the question at issue.

The testimony taken on the trial is contradictory, and in some respects confused, because of the imperfect knowledge of the English language which some of the witnesses displayed. It sufficiently appeared, however, that the material facts were as follows: The defendant Rubing was duly elected president of this lodge No. 4 in June, 1887, for a term of six months. The plaintiff, Strempel, was, at the same time, elected as vice-president. On October 5, 1887, at a meeting of lodge No. 4, the plaintiff, Strempel, being in the chair as

presiding officer, a resolution was passed purporting to remove Rubing from the office of president, and electing Strempel in his stead.    This resolution, as appears from the written minutes of the meeting, was as follows: "As several of the officers, among others President Rubing, although requested to appear, did not make an appearance, and as there are several charges against the president, to replace the officers by other officers, and to declare them removed from office, therefore proceeded to elect officers, and elected as president, Strempel; vice-president, Behnke." Rubing was not present at that meeting.    There is not sufficient proof that he received timely written notice to attend that meeting, or that charges against him would be then and there presented.    There is not sufficient proof that specific charges against him had been formulated, or that due written notice had been given to Rubing of such specific charges.    There is no evidence that any examination, investigation, or trial of such charges, or of any specific charges, against him, was made or had at that meeting, or that any proof or evidence was offered in support of any such charges against him at that meeting.

The cardinal question is whether, under this state of facts, that resolution, giving to it the meaning most favorable to the carrying out of its apparent intent, was sufficient, under the constitution or by-laws, or established rules of this lodge No. 4, to oust Rubing from his office of president of the lodge, and to substitute Strempel in his stead.    It is only on the sufficiency of that resolution to oust Rubing that Strempel can rest his claim to have been president of the lodge; for if Rubing was not then, and by virtue of that resolution, removed, he was, both *de jure* and *de facto*, president until the commencement of this action.    In my opinion, that resolution was not sufficient to work that result, because it and the proceedings on which it was founded failed to comply with the essential requirements of the constitution and by-laws of the lodge.    It is provided in section 1, art. 8, of the constitution, that all charges against members must be made in writing, specifying the article of the constitution or by-laws violated, and signed by the members making the charge. By the second section of that article it is provided that the charge be referred to the board of trustees; that the accused shall have the right of challenge; that the accuser, the accused, and the witnesses shall be summoned to attend, so that a fair trial of the charge shall be had.    When the board of trustees shall have come to a decision, the chairman of the board shall, at the next regular meeting, present the same to the lodge.    If the charge be sustained, and if there be no penalty in the by-laws, the board of trustees may recommend a penalty, etc.    There is no evidence that these salutary provisions, tending to check hasty and inconsiderate action, were in this case complied with.    The members of the board of trustees were not present at the meeting, and the submission of the matter to the meeting of the members of the lodge directly was a violation of the letter and the spirit of the constitution.    The evidence tends to show that the action of the meeting in passing the resolution deposing the president, Rubing, was the result of hasty and passionate counsels, an evil which strict compliance with the constitution would have avoided.    This disregard of the requirements of the constitution in this case was not technical only, but a material violation of its spirit as well as its expressed command.    In fact, Rubing was convicted and punished without lawful trial, and sentenced without lawful authority to a penalty which the members of the lodge, in meeting, had no authority to impose.    If, from any peculiar circumstances in this case, the opponents of Rubing were unable to effect this deposition by means consistent with the requirements of the constitution, their remedy was not in disorderly and violent disregard of its provisions, but in appeal to the district committee, from which relief could be legitimately obtained.    But, even if these fatal irregularities in the proceedings against Rubing did not exist, the absence of Rubing himself from the meeting imposed a responsibility on the lodge which seems to have been wholly

overlooked.   Before any punishment could have been imposed on Rubing there still remained the duty of proving the charges against him by competent evidence, and it is not claimed that any evidence of any misconduct on the part of Rubing was produced at the meeting of October 5th, or at any time, or any proof given of the charges made against him, or of any definite charges of any delinquency whatever.   This omission is material, and vitiated the whole proceeding against him.   *People* v. *Society*, 65 Barb. 357.

Having arrived at this conclusion, there is no necessity of considering the nature or weight of the objections against the conduct of Rubing, as far as they can be gathered from the testimony.   They were never properly proved before the proper tribunal provided by the constitution of the lodge, and cannot now be tried in this action.   Whether he was or was not justified in refusing to submit certain motions to the members of the lodge, in meeting assembled; whether these motions were, as he claimed, or were not, out of order,—are questions not to be tried by this court in this action.

But there is still another defect in the plaintiff's case which should not be overlooked.   Soon after the beginning of the controversy between Rubing and Strempel, and the members of the lodge who sided with him, and before the meeting of October 5th, Rubing brought the subject to the attention of the district committee of the order.   They made a decision adverse to Strempel, and in favor of Rubing.   From this decision Strempel appealed to the grand executive council, who entered into an examination of the matter, and of the relation of Strempel, and the members of the lodge who adhered to him, towards Rubing, as president of the lodge, and towards the parent society itself.   Strempel appeared before this grand council in person, and was examined on his own behalf and in assertion of his claim to be president of lodge No. 4, under the resolution of October 5th.   While this contention before the grand council was pending and under advisement, and before any decision had been arrived at, Strempel commenced this action.   This step was premature.   After having voluntarily submitted his pretentions to the presidency of this lodge, to the tribunal provided by the constitution of the lodge itself for trial of such controversies, and which tribunal, no doubt, had ample authority and means to provide and administer relief, and before its decision was announced, he has no right to relief from a court of equity.   *Lafond* v. *Deems*, 81 N. Y. 508, 514.   In fact, the decision of the grand council, when announced, was in favor of Rubing, and sustained his claim and title to the presidency of the lodge.   For these reasons the plaintiff's action must fail.

The motion on the part of Strempel for leave to amend his complaint, by adding new parties defendant, must be denied.   Failing to sustain his claim to have been the lawful president of the lodge at the time of commencing this action, Strempel is not entitled to any equitable relief, and has no standing in court.   Judgment must be in favor of the defendant Rubing, and against the plaintiff, Strempel, dismissing the complaint on the merits, with costs.