MARJORIQUE PEPIN vs. SOCIETE ST. JEAN BAPTISTE.

PROVIDENCE—DECEMBER 19, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Beneficial Societies.   Charges.   Specifications.*

While a member of a beneficial society is entitled to notice of charges and opportunity for defence, which includes a specification of the charges against which he is to defend, yet when he has actual notice of the particular charge, he has all that he can claim, even though it may not be formally stated.

(2) *Beneficial Societies.   Sunday Law.   Works of Charity.*

A beneficial society, in the trial of charges against a member under its by-laws, is not a court of law.   Its action is a part of the business of such a society, and is not void because transacted upon Sunday, the necessary work of charitable organizations being within the intent and words of Gen. Laws cap. 281, § 17.

*Semble*, that where, by reason of the unwillingness of witnesses or counsel to attend such a trial upon Sunday, a party would be deprived of a fair trial and a reasonable postponement should be refused, there would be strong reasons for holding such an expulsion illegal.

MANDAMUS.   Heard on demurrer to answer to alternative writ.   Demurrer overruled.

STINESS, C. J.    The petitioner asks for a writ of mandamus to restore him to membership in the respondent society, a corporation, from which, he avers, he has been illegally and unjustly expelled.

(1)    The respondent, in its answer to the alternative writ, sets up that a complaint was made against the petitioner, which was duly heard before a committee, he being present, and referred to the society ; that on September 18, 1898, the committee reported to the society the charge that the petitioner had attempted to defraud the society by drawing, or trying to draw, benefits under false representations ; that, by the record of the society, the petitioner's demand for benefits was laid upon the table, and the secretary was ordered to notify the petitioner to appear before the society to answer said charge, and that he would be stricken out of the list of membership should he fail to exculpate himself ; that notice was sent to him by mail to appear on Sunday, October 2, 1898, specifying the charge; that on said day the petitioner failed to appear and to make any defence against said charge or accusation, as requested by said notice ; that the accusation was then and there regularly brought before said society, and, said Pepin failing to appear and exculpate himself, and evidence being produced tending to establish the guilt of said Pepin, it was then and there decided by said society that said Pepin was guilty of said accusation, and he was then and there, by a vote regularly passed, expelled from membership.

The by-laws provide that those who work against the interests of the society may be stricken off the roll of membership.

The answer avers that the accusation was brought in good faith, and not for the purpose of injuring the petitioner or of avoiding the payment of benefits to him ; that he was given full opportunity to appear and to offer evidence ; and that he was expelled after it had been judicially determined by the society, upon evidence, that he was guilty of the offences charged against him.

The petitioner demurs to the answer.

It was held, in Pepin v. Societe, 23 R. I. 81, and in Lavalle v. Societe, 17 R. I. 680, that membership in a beneficial asso-

ciation, where there is a contract to pay money by way of benefits or insurance, is a contract in the nature of a property right.    As such it is to be dealt with according to rules of law applicable to other cases of contract or of right.    A member cannot be deprived of his membership arbitrarily or without proper cause.    He is entitled to notice and opportunity for defence, which includes a specification of the charge against which he is to defend.    *Sleeper* v. *Franklin Lyceum,* 7 R. I. 523 ; *Reynolds* v. *Mayor,* 23 R. I. 370.

All of these requirements to a legal expulsion are averred in the answer, and, on demurrer, must be taken to be true.

One ground of demurrer is that the answer does not state that the charge was true.    We think it states all that could properly be said in this respect.    It says that evidence was produced tending to establish the guilt of the petitioner, upon which the society made a judicial determination.

As testimony only on one side was before the society, it would neither be natural nor proper that the society should say that the charge was absolutely true.    For the purposes of this demurrer the society had testimony which, in its opinion, proved the charge, after notice and opportunity to the petitioner to be heard thereon.

The averment of the petitioner that he had no notice raises a question of fact, not of law.

Nothing appears to show that the notice was insufficient as to time or substance.

The charge, according to the by-laws, was one for which a member could be expelled, if for such a charge an authority in the by-laws was necessary.    *Society* v. *Commonwealth,* 52 Pa. St. 125.

It is further urged that the charge as set forth was not sufficiently specific, because it does not state to what particular matters or what occasions they refer, so as to enable the petitioner to defend against them.

Doubtless this would have weight if it appeared that the member was unable, for want of specification, to meet the charge, and he was thereby deprived of a chance to present his defence.    But when he has actual notice of the particular

charge he has all that he can claim, even though it may not be formally stated.    In *Reynolds* v. *Mayor* the petitioner protested against immediate action on that ground, but his protest was refused.    In this case it appears that the petitioner was present at the hearing before the committee, and that the matter then heard was referred to the society.    He therefore knew the particular charge to be tried.

(2)    We see no ground for demurrer in the substance of the answer.

Another ground for demurrer is that, as the hearing and expulsion took place on Sunday, it was illegal and void.

It was a rule of the common law that Sunday is a nonjudicial day, and many cases have held that a judgment entered on Sunday was void.

The petitioner argues that the trial in this case was an exercise of judicial power, and therefore void.

The cases relied on by him relate to judgments of courts, where it has been held, in some upon common-law authority and in some upon statutory provisions, that judgments so entered were void.    We recognize the correctness of such decisions upon common-law authority, and also upon grounds of public policy and recognition of Christian practice.    The present case, however, does not come within such grounds of prohibition.    While there was a trial, the respondent was not a court of law, but a benevolent association, and its action was a part of the business of such a society.

Such bodies are recognized as charitable organizations because their object is not individual profit but a provision to relieve its members and their families in cases of sickness and death.

There was no rule at common law to forbid such societies to transact their business on Sunday.    Possibly they are of too recent a date to have been embraced in such a rule.

As said by Savage, C. J., in *Story* v. *Elliot*, 8 Cow. (N. Y.) 27 : "By the common law, then, it appears, all judicial proceedings are prohibited.    All other acts are lawful unless prohibited by statute."    That case involved an award made on Sunday, and the court held it void, as a judicial proceed-

ing, because arbitrators are not only jurors to determine facts but judges to adjudicate as to the law ; and their award, when fairly and legally made, is a judgment conclusive between the parties, from which there is no appeal.

Accepting the rule thus stated, we do not think that the action here complained of was a judicial proceeding in the sense in which the term was used at common law, nor by the court in the opinion last cited. Evidently the courts of New York do not so regard it, for in *People, ex. rel. Corrigan,* v. *Young Men's Society,* 65 Barb. 357, it was held that a notice to answer charges served on Sunday, and a hearing, resulting in expulsion from a benevolent society, on the next Sunday, were not illegal because the papers were served and were returnable on Sunday, because they were not illegal at common law nor forbidden by statute. The court added : '' The relator chose to belong to a society which held all its regular meetings on that day, and if, at such a meeting, he was served with notice to attend the next meeting, it does not rest with him to make the objection.''

In *McCabe* v. *Father Matthew Society,* 31 Sup. Ct. N. Y. (24 Hun.) 149, it was held that a resolution of suspension was not rendered invalid by the fact that it was adopted at a meeting held on Sunday, for the reason '' It is pure charity to relieve sick members, and the passage of such a resolution on Sunday would be unobjectionable.''

In *Turnverein* v. *Carter,* 71 Mich. 608, Comp. Laws cap. 55, § 1, like our law in excepting works of necessity and charity, it was held that a resolution authorizing a mortgage by the society, passed on Sunday, was void because it was not a religious or charitable association, implying that a charitable association might have done so.

No cases are cited by the petitioner, and we know of none, which hold that a society of this sort may not transact its business on Sunday. That which comes nearest to such a statement is *Society* v. *Commonwealth,* 52 Pa. St. 125. The court sustained the expulsion of a member of a relief association for the sick, at a meeting held on Sunday, on the ground that the question of illegality for that cause was not before

the court as one of the grounds of demurrer. The court added, by way of *quære:* "It might be well to consider how far such trials on Sunday comport with the legislation of the State and the genius of our institutions." The statute was similar to ours in excepting works of necessity and charity.

We think that the necessary work of charitable organizations is within the intent and words of our statute.

The petitioner argues against such a construction, for the reason that he might not be able to compel the attendance of witnesses or the aid of counsel on Sunday. This consideration, however, is not raised by any facts set forth in the record. The attendance of witnesses before such a tribunal cannot be compelled at any time; but a lawyer appearing to defend might be regarded as doing work of his ordinary calling. If either witnesses or counsel should be unwilling to attend on Sunday, or for any cause tending to deprive one of a fair trial he should ask for a reasonable postponement on that account and it should be refused, there would be strong reason for holding such an expulsion to be illegal. But no such facts appear in this case.

We decide that the demurrer to the answer cannot be sustained upon the grounds stated.

*Arthur M. Allen*, for petitioner.

*Archambault & Gaulin*, for respondent.